# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST FUND, SCOTT J. REDMAN, *in his capacity as trustee,* MILWAUKEE CARPENTERS DISTRICT COUNCIL HEALTH FUND, MILWAUKEE CARPENTERS JOINT APPRENTICESHIP COMMITTEE FUND, PAINTERS LOCAL 781 HEALTH FUND, PAINTERS LOCAL 781 APPRENTICESHIP FUND, MILWAUKEE PAINTER & DRYWALL CONTRACTORS PROMOTION FUND, and JEFF MEHRHOFF, *in his capacity as trustee,*

Plaintiffs,

v.

LIBERTY BUILDERS OF WI, LLC,

Defendant.

Case No. 17-CV-52-JPS

**ORDER**

On March 13, 2017, the plaintiffs moved for entry of default and default judgment against the defendant. (Docket #5 and #10). The Clerk of Court entered default the next day. Because the Clerk of Court has entered default against the defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve the plaintiffs of the responsibility to prove up their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368

F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

The plaintiffs claim the following items of damages:

1) Unpaid contributions, interest, and liquidated damages owed to the plaintiff Building Trades United Pension Trust Fund in the amount of $23,607.64;

2) Unpaid contributions, interest, and liquidated damages owed to the plaintiff Milwaukee Carpenters District Council Health Fund in the amount of $12,737.12;

3) Unpaid contributions, interest, and liquidated damages owed to the plaintiff Milwaukee Carpenters Joint Apprenticeship Committee Fund in the amount of $809.18;

4) Unpaid contributions, interest, and liquidated damages owed to the plaintiff Milwaukee Painters and Drywall Contractors Promotion Fund in the amount of $34.21;

5) Unpaid contributions, interest, and liquidated damages owed to the plaintiff Painters Local 781 Health Fund in the amount of $20,296.13;

6) Unpaid contributions, interest, and liquidated damages owed to the plaintiff Painters Local 781 Apprenticeship Fund in the amount of $1,556.75; and

7) Attorneys' fees in the amount of $10,078.50.

These figures total $69,119.53.[1]

Here, the claimed amounts are easily capable of ascertainment from the computations in the documentary evidence and detailed affidavit submitted by the plaintiffs. The plaintiffs have submitted records detailing the defendant's failure to abide by the terms of the various collective bargaining agreements and the confession to judgment of January 24, 2014, and the payment delinquencies that have resulted therefrom. *See* (Docket #11, #11-1, #11-2, #11-3, #11-4, #11-5, #11-6, and #11-7). Thus, the Court having determined "that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint," by its entry of default, and that the plaintiffs' claimed amounts for unpaid contributions, interest, and liquidated damages are reasonably certain and well-supported, the Court will now grant the plaintiffs' requested default judgment and award the plaintiffs their requested amounts for those items. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). They have also submitted detailed documentation of their attorneys' fees and costs. (Docket #11-8 and #11-9). 29 U.S.C. § 1132(g)(2) of ERISA and the collective bargaining agreements to which the defendant is bound provide that the defendant shall pay reasonable attorneys' fees and costs. Therefore, having received the above-referenced evidence of those items, the Court will also grant the plaintiffs' requested amounts for attorneys' fees, with costs as may be taxed by the Clerk of the Court.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for default judgment (Docket #10) be and the same is hereby **GRANTED**; the defendant shall pay

---

[1] Plaintiffs also request an award of costs of $654.80. They must, however, seek these directly from the Clerk of the Court.

to the plaintiffs the total sum of $69,119.53 together with post-judgment interest as provided by law and costs as may be taxed by the Clerk of the Court;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge